HAWKINS CONSTRUCTION COMPANY *v.* Richard
MAXELL and Second Injury Fund

96-298                                                    924 S.W.2d 789

Supreme Court of Arkansas
Opinion delivered June 24, 1996

*Bethell, Callaway, Robertson, Beasley & Cowan,* by: *John R. Beasley,* for appellant.

*Thompson & Lewellyn, P.A.,* by: *James M. Lewellyn, Jr.,* for appellee.

DAVID NEWBERN, Justice. This is a workers' compensation case. Richard Maxell's back was injured in the course of his employment with Hawkins Construction Company (Hawkins) in late 1992, but he continued to work until he again suffered a back injury in January, 1993. Surgery was performed after the 1993 injury, and Mr. Maxell was found to have a permanent disability of 10% to the body as a whole.

Hawkins contended before the Workers' Compensation Commission that it had no responsiblity because the injury was only a recurrence of an injury suffered by Mr. Maxell in 1990 while working for a different employer. The Commission ruled against Hawkins and held the 1993 injury amounted to a compensable aggravation of the 1990 injury. The Second Injury Trust Fund was a party to the proceeding before the Commission. It was held that the Fund had no liability because the evidence was insufficient to show

that the two injuries, when combined, produced a disability greater than that resulting from the 1993 injury alone. Hawkins appealed.

The Arkansas Court of Appeals affirmed the decision of the Commission. *Hawkins Const. Co.* v. *Maxell,* 52 Ark. App. 116, 915 S.W.2d 302 (1996). In seeking review in this Court, Hawkins does not again argue that Mr. Maxell's condition is entirely attributable to the 1990 injury. The only issue presented in this review is whether it was error to hold the Fund was not responsible for any portion of the compensation to be paid to Mr. Maxell. We hold the evidence was insufficient to support that decision.

After his 1990 injury, Mr. Maxell was treated conservatively. He was able to do the same sort of labor he had previously done. Dr. Standefur, the surgeon who operated after the 1993 injury, testified the 1990 injury played a role in the severity of the injury suffered in 1993. He said the earlier injury was responsible for 7% of the 10% permanent disability rating. He said the disc material he removed in 1993 was extruded in the 1990 injury, and a part of Mr. Maxell's current disability is the result of nerve root damage caused by the disc protrusion from the 1990 injury as shown in a 1991 magnetic resonance image.

The Fund was created by the General Assembly to see to it that a subsequent employer, such as Hawkins, does not become responsible for disability of an employee when a part of his or her condition results from an injury which occurred in previous employment with a different employer. Ark. Code Ann. § 11-9-525(a)(1) (Repl. 1996). The only evidence before the Commission which might be considered as contrary to the medical testimony is that which showed that, from the 1990 injury, Mr. Maxell suffered no disability or impairment which kept him from continuing to do the same sort of labor he had done previously.

In *Mid State Const. Co.* v. *Second Injury Fund,* 295 Ark. 1, 746 S.W.2d 539 (1989), we stated the critera for determining whether the Fund was to share liability for compensating an injured worker:

> First, the employee must have suffered a compensable injury at his present place of employment. Second, prior to that injury the employee must have had a permanent partial disability or impairment. Third, the disability or impairment

must have combined with the recent compensable injury to produce the current disability status.

We said an "impairment" was a condition which need not be work-related and gave the example of a person who loses one eye, thus becoming impaired, but not disabled in a wage-loss sense, and then loses the other eye to become disabled. One may be impaired without being disabled. In *Second Injury Trust Fund* v. *POM, Inc.,* 316 Ark. 796, 875 S.W.2d 832 (1994), we said an "impairment" may or may not be work-related, meaning that it may or may not have an effect on the injured worker's ability to perform. The fact that Mr. Maxell suffered no wage-loss disability after the 1990 injury has no necessary bearing on the issue whether he suffered an impairment from that injury which contributes to his present disability.

■ The unrebutted testimony of Dr. Standefur is that the impairment suffered in the 1990 injury contributes to the compensable injury. As there was nothing before the Commission to rebut that evidence, we cannot say that the evidence presented was sufficient to support the Commission's decision. We remand the case for orders consistent with this opinion.

Reversed and remanded.

DUDLEY, J., not participating.